**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALPHA BIOMEDICAL AND DIAGNOSTIC CORP., CRUZ A. RUIZ,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIPS MEDICAL SYSTEMS NETHERLAND BV, PHILIPS MEDICAL SYSTEMS PUERTO RICO, INC. AND ISMAEL JARAS,<br><br>Defendants. | CIVIL NO.<br><br>RE:<br><br>PROVISIONAL AND PRELIMINARY INJUNCTIVE RELIEF, DAMAGES UNDER LAW 75, 10 L.P.R.A. 278, *et seq.*, as amended, TORTIOUS INTERFERENCE, COLLECTION OF MONIES |

**NOTICE OF REMOVAL**[1]

**TO THE HONORABLE COURT:**

COME NOW petitioning defendants Philips Medical Systems Nederland B.V. ("Philips Nederland")(wrongfully sued as "Philips Medical Systems Netherland BV"), Philips Medical Systems Puerto Rico, Inc. ("Philips PR") and Ismael Jaras ("Mr. Jaras"), through the undersigned counsel, and very respectfully file the instant notice of removal (the "Notice"), on the following grounds:

---

[1] The instant Notice is being filed by the petitioning defendants without submitting to the jurisdiction or venue of this Honorable Court, without waiving any defenses, and expressly reserving any and all defenses available to them in law or fact, including challenges for insufficient process or service.

## I. INTRODUCTION

It has long been established that a plaintiff cannot defeat a defendant's "right of removal" by fraudulently joining a defendant who has "no real connection with the controversy." Chesepeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914). Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), as the only non-diverse defendants, Philips PR and Mr. Jaras, were fraudulently joined as defendants to this action. The background facts are easily stated:

1. On April 11, 2011, plaintiffs Alpha Biomedical and Diagnostic Corp. ("Alpha") and Cruz A. Ruiz ("Mr. Ruiz") filed a civil action under the Puerto Rico Dealer's Act, Law No. 75 of June 24, 1964, P.R. Laws Ann. Tit. § 278, *et seq.*, as amended, requesting injunctive relief, damages, costs, attorney fees against Philips Nederland, Philips PR and Mr. Jaras, in his personal capacity and as "Regional Director" of Philips PR, before the Puerto Rico Court of First Instance, San Juan Judicial Center, Superior Court (the "Commonwealth court"), captioned as Alpha Biomedical and Diagnostic Corp., et al v. Philips Medical Systems Netherland, BV, et al., *Civil No. KAC11-0380 (908)* (the "Law 75 Civil Action"). A copy of the complaint,

together with all exhibits and the summons, is attached hereto and made a part hereof as composite **Exhibit A**.[2]

2. On that same date, plaintiffs filed a motion seeking provisional and preliminary injunctive relief pursuant to § 278b-1 of Law 75 and Rule 57 of the Puerto Rico Rules of Civil Procedure. A copy of this motion, together with its exhibits, is attached hereto and made a part hereof as **Exhibit B**.

3. Plaintiffs also filed a motion requesting that the Commonwealth court allow service of the summons and complaint on Philips Nederland through Philips PR, and by delivery of the summons and complaint by certified mail. A copy of this motion is attached hereto and made a part hereof as **Exhibit C**.

4. On April 13, 2011, the Commonwealth court issued an order, *ex parte*, granting the provisional injunctive relief requested by plaintiffs and scheduling a preliminary injunction hearing for April 26, 2011, at 10:00 a.m., subject to the posting of a security bod in the amount of $2,000.00.[3] A copy of this order is attached hereto and made a part hereof as **Exhibit D**. The Commonwealth court also entered an order granting plaintiffs' motion for serving process on Philips Nederland,

---

[2] On this same date, petitioning defendants will file a motion for leave to file the complaint and the summons, and the other exhibits submitted as part of this Notice, in the Spanish language and for extension of time to file certified English translations of such documents.

[3] Defendants requested from the Clerk of the Commonwealth court a copy of the pleading and all motions and records related to this case. It does not appear that plaintiffs posted the $2,000.00 security bond.

through Philips PR and by certified mail. A copy of this order is attached hereto and made a part hereof as **Exhibit E**.

5. On April 14, 2011, plaintiffs purported to serve process upon Philips PR and Mr. Jaras. They also attempted to serve process on Philips Nederland by sending a copy of the complaint and summons to this entity by certified mail. *See* **Exhibit F**.

6. With respect to citizenship, plaintiffs have alleged in the complaint that: plaintiff Alpha is a Puerto Rico corporation, with principal place of business in Gurabo, Puerto Rico and has been a distributor of sophisticated medical equipment, provider of warranty services and repair of medical equipment since 1993; plaintiff Mr. Ruiz is a resident of Puerto Rico and President of Alpha; defendant Philips Nederland is Netherland corporation, with principal place of business in The Netherlands, is the manufacturer of Philips products and the principal of Alpha for the distribution of Philips products under an alleged "verbal" contract that was formed after December 31, 2010; defendant Philips PR is a Puerto Rico corporation with principal place of business in San Juan, Puerto Rico; and that defendant Mr. Jaras is a resident of San Juan, Puerto Rico and Regional Director of Philips PR. *See* **Exhibit A**, ¶¶ 1-5.

7. Defendants hereby remove the Law 75 Civil Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. As it will be discussed below, this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Further, this Notice has been timely filed and is in full compliance with all applicable procedures.

**II. DISCUSSION AND ANALYSIS**

**A. GROUNDS FOR REMOVAL**

8. It is well settled that when a removal is premised on diversity jurisdiction, a defendant may remove a case from state to federal court only when none of the defendants is a citizen of the state in which the action was originally filed. Renaissance Marketing, Inc. v. Monitronics International, Inc., et al, 606 F.Supp.2d 201, 207 (D.P.R.2009)(*citing* 14B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, 3d § 3723; see also 28 U.S.C. § 1441(b)). Simply put, diversity jurisdiction requires complete diversity of citizenship between plaintiffs and defendants. Renaissance Marketing, 606 F.Supp.2d at 207 (*citing* Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir.2008)). Consequently, a district court loses its subject matter jurisdiction if any plaintiff is a citizen of the same state as any defendant. The Supreme Court has held that "[i]n a case with multiple plaintiffs and multiple defendants, the

presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action”.” Renaissance Marketing, 606 F.Supp.2d at 207 (*citing* Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 553, (2005); *see also* Baella-Silva v. Hulsey, 454 F.3d 5, 9 (1st Cir.2006)).

9. A party who invokes “the jurisdiction of the federal court carries the burden of proving its existence”. Renaissance Marketing, 606 F.Supp.2d at 207 (*citing* Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir.1995) (citations omitted); *see also* Topp v. CompAir, Inc., 814 F.2d 830, 839 (1st Cir.1987)). The removing party must therefore show that no plaintiff is a citizen of the same state as any of the defendants, and that the matter in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332; *see also* Renaissance Marketing, 606 F.Supp.2d at 207.

**B. FRAUDULENT JOINDER**

10. This Court has made clear that it will not allow removal jurisdiction to be defeated by plaintiff's destruction of complete diversity by “collusive or improper joinder of parties or the assignment of claims”. Renaissance Marketing, 606 F.Supp.2d at 208 (*citing* Pastrana v. Solstar, 46 F.Supp.2d 101, 103 (D.P.R.1999)). A party is considered to be fraudulently

joined when: "(1) the complaint fails to state any possible claim for relief against that party, that is state law imposes no liability against that party on the facts alleged; or (2) when it can be deduced that plaintiff does not intend to secure judgment against that defendant." Poultry & Beef of Puerto Rico, Inc. v. Smithfield Packing Company, 635 F.Supp. 1070, 1071 (D.P.R.1986)(*citing* 14A Wright, Miller & Cooper, *Federal Practice & Procedure* § 3723 (1985); 29 T. Goger, ed., *Federal Procedure* § 69:22 (1984)).

11. Indeed, "a finding on fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." Renaissance Marketing, 606 F.Supp.2d at 208 (*citing* Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir.1983)). Other Circuit Courts have concluded that, in order to prove a fraudulent joinder, the defendant must show that: "(1) there was actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the non-diverse party in state court." Renaissance Marketing, 606 F.Supp.2d at 208 (*citing* Smith v. Petsmart, Inc., 278 Fed.Appx. 377, 379 (5th Cir.2008); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir.2007); Ponce Super, 359 F.Supp.2d at 30).

12. When a defendant relies on the second prong of this test, the Court must determine if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant". Renaissance Marketing, 606 F.Supp.2d at 208 (*citing* Gasch, 491 F.3d at 281). In other words, the relevant inquiry is whether there is a sufficient reasonable basis for the claim to preclude a finding that joinder results in nothing more than a means to prevent removal. Arriaga, et al v. New England Gas Company, et al, 483 F.Supp.2d 177 (1st Cir.2007)(*citing* Wilson v. Republic & Steel Co., 257 U.S. at 92, 97 (1921)).

**C. THE NON-DIVERSE DEFENDANTS WERE FRAUDULENTLY JOINED**

13. Petitioning defendants contend that complete diversity exists between plaintiffs and Philips Nederland. This Honorable Court should disregard the citizenship of Philips PR and Mr. Jaras inasmuch as these defendants have been fraudulently joined[4] in this action to defeat removal. By doing so, plaintiffs deprived Philips Nederland of its right of removal to this Court.

---

[4] Fraudulent joinder "is a term of art used to describe not only the deceptive practice of joining a resident defendant solely to defeat diversity, but also any improper joinder." Coughling v. Nationwide Mutual Insurance Co., 776 F.Supp. 626, 628, n.3 (D.Mass.1991). However, the term "fraudulent joinder" is something of a misnomer because it does not necessarily require a removing defendant to "prove that the plaintiff intended to mislead or deceive." Lawrence Builders Inc. v. Kolodner, 414 F.Supp.2d 134, 137 (D.R.I.2006).

**(i). There is no reasonable basis for the tortious interference claim against Philips PR which fails as a matter of law.**

14. The cause of action for tortious interference is contradicted by the very facts described in plaintiffs' complaint. The allegations suggest that Philips PR is no "third party" or stranger to the now expired dealer's contract between Alpha and Philips Netherland and, therefore, cannot interfere with any contract between Alpha and Philips Nederland. *See* Jusino Figueroa v. Walgreens of San Patricio, Inc., 155 D.P.R. 560 (2001); *see also*, Morgan Stanley & Co., Inc. v. Texas Oil Co., 958 S.W.2d 178, 179 (Tex.1997)("a person must be a stranger to the contract to tortiously interfere with it"); 44B Am. Jur. 2d Interference § 7 (2010). Because Philips PR is not a "stranger" in the commercial relationship that existed between Philips Nederland and Alpha, plaintiffs are unable to establish a cause of action against Philips PR for tortious interference. *See* Jusino, *supra*.[5]

15. More fundamentally, however, there is NO contract to be interfered with. Under Puerto Rico law, the existence of a contract is an essential element of a cause of action for tortious interference. *See* Gen. Office Prods. v. A.M. Capen's

[5] The result is the same even if the Court accepts plaintiff's proposition that a new dealership relationship was formed between Alpha and Philips Nederland through a "verbal" contract after December 31, 2010, which theory is belied by the terms of the expired dealer's contract.

Sons, 115 D.P.R. 553, 558-559 (1984); *see also*, MVM Inc. v. Rodriguez, 568 F.Supp.2d 158, 171 (D.P.R.2008)(setting out elements of a tortious interference claims under Puerto Rico law). As will be established, the dealer's contract between Alpha and Philips Netherland expired by its own terms effective December 31, 2010, due to Alpha's failure to submit the required written notice of renewal. Dealer contracts containing written renewal clauses are entirely enforceable. Nike International, Ltd. v. Athletic Sales, Inc., 689 F. Supp. 1235 (D.P.R. 1988); see also, R.W. Intern. Corp. v. Welch Food, Inc., 13 F.3d 478, 486 (1st Cir. 1994)("Law 75 does not protect a dealer from its own failure to follow that [renewal] procedure.").

16. There is no reasonable basis for the tortious interference claim against Philips PR. As a result, it is clear that Philips PR is a purely formal party fraudulently joined for the sole purpose of destroying diversity and defeating removal jurisdiction.

**(ii). The complaint also fails to state a plausible defamation claim against defendants.**

17. A cause of action for defamation under Puerto Rico law can emanate from three separate sources: (1) Art. II, Section of the Constitution of Puerto Rico, (2) the Puerto Rico Libel and Slander Act, P.R. Laws Ann. Tit. 32 § 3141, *et seq.*, and (3) Art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31

§ 5141. Libel, one of the forms of defamations, occurs when the defamatory information comes in written form. P.R. Laws Ann. Tit. 32 § 3142. Slander, meanwhile, occurs when the defamation is verbal. P.R. Laws Ann. Tit. 32 § 3143.

18. To establish a cause of action for libel or slander in our jurisdiction, a plaintiff must allege the following elements: "(1) that the defamatory information is false; (2) in cases involving public officers or public figures, that the statement was published with malice, in other words, with full knowledge of the statement's falsehood or underestimating whether it was false or not; (3) in cases concerning private figures, that the information was published negligently; and (4) that the publication caused the plaintiff to suffer real damages." MVM Inc., *supra*, at 168. That is, it is necessary for plaintiffs to allege and prove that defendants "negligently published false and defamatory information which was the proximate cause of the damages suffered by [a plaintiff]." APX Alarm Security Solutions, Inc. v. Rennaissance Marketing, Inc., 2009 WL 3161029 (D.P.R.2009)(*citing* Colon v. Televicentro, 2009 TSPR 43; Krans v. Santarrosa, 2007 TSPR 219); *see also*, Puerto Rico's Libel and Slander Act of 1902, P.R. Laws Ann. Tit. 32 § 3142.

19. In order to establish that the defamatory publication was negligent, the Court shall consider the following criteria: (1) the nature and importance of the information published, and whether the information is defamatory *per se*; (2) the origin of the information and the reliability of the source; and (3) how reasonable it would have been to confirm the veracity of the information, in terms of cost, time, personnel, urgency, and related factors. Torres Silva v. El Mundo, Inc., 106 D.P.R. 415 (1977).

20. In the complaint, plaintiffs allege that the "Philips companies" engaged in a defamation campaign against plaintiffs Alpha and his President and, as a result of defendants' actions, they suffered damages. *See* **Exhibit A**, ¶¶ 44-54. The factual allegations in support defamation claim are purely conclusory and critically flawed.

21. Plaintiffs failed to provide sufficient facts or grounds upon which their claim rests through factual allegations sufficient to "raise a right to relief about the speculative level". Maldonado Concepción v. Puerto Rico, 683 F.Supp.2d 174, 175-76 (D.P.R.2010)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint is devoid of factual allegations with respect to: (1) whether the alleged injurious communications or statements were written or oral; (2) the names

or identities of the individuals that made the alleged injurious statements, written or oral, to third parties, (3) the names or identities of the third parties to whom any of the defendants allegedly made injurious statements, (4) the specific content of the alleged injurious communications or statements, and (5) the dates and times when these alleged communications or statements were made. Without well-pleaded facts, plaintiffs have not shown that they are entitled to a relief for the alleged defamation.

22. In fact, what the allegations do establish is that Alpha was somehow implicated or involved in an illegal and unethical scheme that led to the dismissal of Mr. Alex Luna, now a former Service Manager of Philips PR. Truth is that Alpha, through Mr. Cruz, made payments (to the order of "American Express") in November 20, 2009 ($2,000), January 20, 2010 ($1,000) and March 11, 2010 ($7,000) to pay for charges made by Mr. Luna on his American Express card. Then, in April 2010, **almost 5 months after the initial payment to Mr. Luna**, Alpha and Mr. Cruz come clean and alerted the principal. These are the facts.

22. In sum, the complaint fails to state a colorable, "plausible" or viable defamation cause of action against defendants, as the complaint lacks specific allegations as to the defamation claim. *See*, Twombly, 550 U.S. at 570 (The cross

into "the realm of plausible liability", the allegations must be factual (not conclusory) and suggestive (not neutral)); Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also* Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)(commenting that Rule's deferential standard does not obligate the court "to swallow the plaintiff's inventive hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

23. Likewise, Mr. Jaras is a "sham" defendant. Mr. Jaras is only mentioned twice in the complaint in connection with the alleged defamation. *See*, **Exhibit A**, at Introduction and ¶ 20. Yet, no cause of action is expressly stated against him and no relief for damages or otherwise is requested. As such, Mr. Jaras' joinder was fraudulent and should be disregarded in determining diversity citizenship.

24. As a result, since the complaint does not allege sufficient facts necessary to establish a claim for defamation under the heightened pleading standard announced in Twombly and Iqbal, plaintiffs are not entitled to the relief requested against the non-diverse defendants.

**D. ORIGINAL JURISDICTION**

25. Plaintiffs' Law 75 Civil Action is a civil action, of which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, venue properly lies in this District Court pursuant to the provisions of 28 U.S.C. §1391(a). Therefore, plaintiffs' action in the Commonwealth court is one, which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(a).

**(i). BECAUSE NON-DIVERSE DEFENDANTS WERE FRAUDULENTLY JOINED, COMPLETE DIVERSITY EXISTS AND REMOVAL IS PROPER**

26. The complaint fails to state any possible claim for relief against the non-diverse defendants. Although plaintiffs make limited allegations as to Philips PR and Mr. Jaras, their claims primarily focus on Phillips Nederland. Notably, plaintiffs' request for relief suggests that they do not intend to secure judgment against any defendant, but only from Philip Netherlands. *See*, **Exhibit A**, page 9; **Exhibit B**, page 10. Their fraudulent joinder should thus be disregarded in determining diversity citizenship and should not defeat removal jurisdiction under 28 U.S.C. § 1441(b). *See* Polypastics, 713 F.2d at 877. The controversy is between plaintiffs and Philips Netherlands, who are "citizens of different States" for removal purposes. 28 U.S.C. § 1332. Since Philips Puerto Rico and Mr. Jaras have been

improperly joined, they should be dropped pursuant to Fed.R.Civ.P. 21. *See* Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826 (1989). As complete diversity is present in the instant case, removal is proper.

**(ii). AMOUNT IN CONTROVERSY**

27. In complaint, plaintiffs seek compensatory damages and collection of monies in excess of $75,000, plus interests, costs and attorney fees. *See*, **Exhibit A**. Whether viewed from the plaintiffs' or defendants' perspective, or either party, the value of the claim or the rights to be protected exceeds the requisite jurisdictional amount of $75,000. *See generally*, Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3725 (1998).

**E. REMOVAL PROCEDURE**

28. Under 28 U.S.C. § 1446(b), the notice of removal must be filed with this Court within thirty (30) days. Under 28 U.S.C. § 1446(a), the notice shall be accompanied by "a copy of all process, pleadings, and orders served upon" the removing defendants. Petitioning defendants have complied with these requirements.

**(i). TIMELINESS**

29. Defendants show that this notice is being filed within thirty (30) days after having received notice -- through formal

service -- of the initial pleading setting forth the claim for relief upon which such proceeding is based. Accordingly, removal is timely. *See* Murphy Brothers, Inc. v. Michetti Piper Stringing, Inc., 119 S. Ct. 1322 (1999).

**(ii). APPROPRIATE AND REQUIRED NOTICE**

30. Pursuant to the provisions contained in 28 U.S.C. § 1446(d), defendants will notify the Commonwealth court with a sealed copy of the present Notice, and also notify plaintiffs' counsel of the instant action.

**WHEREFORE**, petitioning defendants respectfully request that this Honorable Court allow the instant notice of removal and, consequently, order this case to proceed, as an action properly removed pursuant to 28 U.S.C. §§ 1441, 1446, and that all further proceedings in this action be conducted before this Court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of April, 2011.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of the foregoing notice of removal was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

**ADSUAR MUÑIZ GOYCO**
**SEDA & PÉREZ-OCHOA, P.S.C.**
Counsel for Defendants
P.O. Box 70294
San Juan, PR 00936-8294
Tel: 787.756.9000
Fax: 787.756.9010
Email: epo@amgprlaw.com
psanta@amgprlaw.com
jtorrens@amgprlaw.com

By: *s/Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206314

By: *s/Pedro J. Santa-Sánchez*
Pedro J. Santa-Sánchez
USDC-PR No. 126209

By: *s/Jaime A. Torrens-Dávila*
Jaime A. Torrens-Dávila
USDC-PR No. 223810