**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALPHA BIOMEDICAL AND DIAGNOSTIC CORP., CRUZ A. RUIZ<br><br>**Plaintiffs**<br><br>**Vs.**<br><br>Philips Medical Systems Netherland BV. Y Philips Medical Systems, Puerto Rico, Ismael Jaras<br><br>**Defendants** | **CIVIL NO. 11-01379(FAB)**<br><br>**RE: DISTRIBUTION CONTRACT; DAMAGES, INJUNCTIVE RELIEF** |

**MOTION IN SUPPORT OF REMAND RECOMMENDATION AND PARTIAL OBJECTION TO CERTAIN FINDINGS OF THE SAME**

**TO THE HONORABLE COURT**

**COME NOW** Plaintiffs, through their undersigned counsels and respectfully allege and pray as follows:

**I. Summary of Partial Objection**

This case should be remanded to local court as recommended by the Magistrate Judge. However, this Honorable Court should partially discard certain findings of the Report and Recommendation ("R & R") issued by Hon. Magistrate Judge Silvia Carreño-Coll and proceed to award attorneys' fees to plaintiffs.

As the Magistrate Judge correctly concluded, the allegations of defamation filed against Phillips, Puerto Rico and Mr. Ismael Jaras, do properly and sufficiently state a cause of action against the non-diverse parties. Since this is sufficient to defeat total diversity, the petition for remand was correctly granted.

Nevertheless, the allegations of tortuous interference are also sufficient under a Rule 12(b)(6)[1] analysis and should be considered another proper reason for remand. Lastly, the R & R is incorrect inasmuch as the Magistrate's report does not recognize that the imposition of attorneys' fees in favor of plaintiffs is warranted because of an improper and frivolous petition for removal that had as is only objective the dissolution of the local Temporary Restraining Order ("TRO") previously obtained by plaintiffs.

## II. Procedural Basis

Pursuant to Federal Rule of Civil Procedure 72(b), the appearing parties object supports the recommendation to remand but objects in part to the Magistrate's R & R inasmuch as the same denied the existence of sufficient allegation of tortuous interference against Phillips, Puerto Rico with the appearing party's distribution contract and refused to recommend the imposition of the attorneys' fees under 28 U.S.C. sec. 1447(c).

## III. Argument

### A. Tortuous interference

The complaint clearly and properly alleges that Phillips, Puerto Rico interfered tortuously with the verbal agreement between Alpha and Phillips, Nederland.

An allegation of tortuous interference requires the existence of a contract. Under Law 75, Art. 1 of the Puerto Rico Dealers Act 10 LPRA §278(b) a dealer's contract is:

> **Relationship** established between a dealer and a principal or grantor whereby and irrespectively of the manner in which the parties may call, characterize or **execute** such relationship, the former actually and effectively takes charge of the distribution of a merchandise, or of the rendering of a service, by concession or franchise, on the market of Puerto Rico. (Emphasis added).

---

[1] The allegations in local court have to be considered under the standard and requirement of Puerto Rico law.

This Court has already determined that "…there is no need for a written contract between the parties to trigger the application of Law 75 protection nor is a particular duration of the relationship required". *Joglar Painting vs. Urecoats Industries, Inc.* 2006 US Dist. Lexis 17097 (D.P.R. 2006) citing *R.W. International Corporation vs. Welch Food,* 13 F. 3d 478, 482-83 (1st Cir. 1994) ("The statute clearly incorporates within its reach *any* arrangements between a supplier and dealer in which the dealer is actually in the process of distributing the supplier's merchandise in Puerto Rico…[and] once that relationship is established, the statute applies irrespectively of the length of time such an arrangement has been in existence… It cannot be said that a relationship is established within the meaning of Law 75 only if it is committed to writing"). (Italics in the original).

At paragraphs 14, 15, 16, 17of the complaint and others, the appearing parties clearly stated that after the cancellation of the written contract effective December 31st, 2010, Alpha and Philips Nederland conducted distribution business during the months of January, February and March 2011 which established a verbal distribution agreement between the parties. The appearing parties evidenced said relationship by including written exhibits with the complaint that demonstrated the existence nature and character of the verbal distribution relationship. The relationship was also confirmed and evidenced by the appearing parties with a letter sent by Philips Nederland on January 21st, 2011.

That verbal distribution relationship was the one, that according to paragraph 40 of the complaint, Philips Puerto Rico interfered with.

As evidence of said interference, the complaint includes as exhibits 3 and 5, written communications by Philips, Puerto Rico to Alpha's clients in March 2nd and March 9th, 2011 telling said clients to stop effective immediately all dealings with Alpha, and proceed to conduct all said business with Philips, Puerto Rico. There is no doubt that the complaint correctly alleges the existence of a distribution relationship between Alpha and Philips Nederland during the year 2011

and during the month of March 2011 with which Philips, Puerto Rico interfered verbally and in writing. Additional evidence of the interference with the verbal distribution agreement was filed by the appearing parties and can be reviewed by this Court at Dkt. No. 1-3 at p. 17. Therein we demonstrate that Alpha sent an order to Phillips, Nederland on March 22nd, 2011 and the letters sent to the clients by Phillips, Puerto Rico were sent before that date.

The Magistrate Judge erroneously concluded that there is no possibility that under state law Philips Puerto Rico will be found liable for tortuously interfering with the verbal distribution relationship alleged in the complaint as existing between Alpha and Philips Nederland. The elements needed to be alleged for a valid tortuous interference claim under Puerto Rico law are present in the complaint and supported by documentary evidence. This Honorable Court should disregard the Magistrate Judge's conclusions to the contrary.

**III. Attorneys' fees for a frivolous removal should be granted in this case.**

The appearing parties requested this Honorable Court, the imposition of attorneys' fees under 28 U.S. C. S sec. 1447 (c) because of an improper removal.

The Magistrate Judge cited *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005), to establish that the standard for awarding fees under this section "turns on the reasonableness of removal. Fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal". *Id.* This is precisely the situation of this case.

First, as the Magistrate Judge correctly concluded a defamation claim against both defendants Phillips, Puerto Rico and Mr. Ismael Jaras was properly and sufficiently alleged in the complaint. Thus, the removal was not proper since those parties destroyed the diversity needed for federal jurisdiction.

Even without considering our position as to the torturous interference claim, the defamation claim against both defendants was by itself sufficient to conclude that the removing party lacked an objectively reasonable basis for seeking removal.

Furthermore, Phillips litigation strategy cannot be overlooked. By improperly removing the case to this Honorable Court, Phillips deprived Alpha of an injunctive relief that would have prevented irreparable harm to its business.

Also, at Dkt. No. 41, Alpha informed this Court that a key piece of equipment essential or the treatment of patients at Pavia's Hospital had not been delivered. Phillips denied that fact at Dkt. No. 46 enclosing as evidence of its denial a document that had been intentionally altered to delete the equipment's serial number, precisely the element that unmasked Phillip's falsehood. This was brought to the attention of the Court at Dkt. No. 53. Phillips had to admit that the unadulterated document disproved its allegations and further averred to be taking the matter "seriously" and to be "conducting an investigation". See Dkt. No. 60.

To this date, Phillips has said nothing else about this disturbing incident nor has it accepted responsibility for the alteration of the document. Phillips has not disclosed what has its "investigation" revealed and what actions has it taken as a result. In a matter as serious as the submission as evidence of a document intentionally altered, this Court remains in the dart about what did Phillips know and when it know it. Needless to say neither does the Court knows what Phillips has done about this if anything at all. That is certainly the way Phillips would prefer to keep it.

Although incidents of this sort have been in the past subject of judicial inquiry (as they probably will in local court) they must at least render further support to our attorneys' fees request. Attorneys' fees are the adequate sanction to be granted to the appearing parties after the filing of such a frivolous petition for removal and the litigation posture of Phillips.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above, remand the case to local court discarding the conclusions discussed herein above of the Magistrate's Report and Recommendation related to the denial of attorneys' fees. In consequence, the request for attorneys' fees under 28 U.S.C sec. 1447(c) should be granted and the analysis as to the allegations of tortuous interference should be discarded.

**RESPECTFULLY SUBMITTED**.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the attorneys of the record.

In San Juan, Puerto Rico, on this12 day of October, 2011.

**REICHARD & ESCALERA**

MCS Plaza
255 Ponce de León Ave Ste 10, Hato Rey
San Juan PR 00917-1913
PO Box 364148
San Juan, PR 00936-4148
Tel. 777-8888
Fax. 765-4225
counsellors@reichardescalera.com

***S/RAFAEL ESCALERA-RODRÍGUEZ***
escalera@reichardescalera.com
U.S.D.C. No. 122,609

***S/AMELIA CAICEDO SANTIAGO***
caicedo@reichardescalera.com
U.S.D.C. No. 223,614