IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALPHA BIOMEDICAL AND DIAGNOSTIC CORP., CRUZ A. RUIZ,<br><br>**Plaintiffs**,<br><br>v.<br><br>PHILIPS MEDICAL SYSTEMS NETHERLAND BV, PHILIPS MEDICAL SYSTEMS PUERTO RICO, INC. AND ISMAEL JARAS,<br><br>**Defendants**. | CIVIL NO. 11-1379 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R&R"), (Docket No. 65), regarding plaintiffs Alpha Biomedical and Diagnostic Corp. and Cruz A. Ruiz's (collectively, "plaintiffs") motion to remand to state court, (Docket No. 14.) Having considered the magistrate judge's recommendations, plaintiffs' objections and defendants' opposition to plaintiff's objections, (Docket Nos. 67 & 71), the Court **ADOPTS** the R&R, (Docket No. 65.)

**DISCUSSION**

I. **Background**

    A.   **Procedural Background**

        On April 11, 2011, plaintiffs filed a civil action in the Puerto Rico Court of First Instance pursuant to the Puerto Rico

Civil No. 11-1379 (FAB)                                                2

Dealer's Act, also known as Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278.  In their complaint, plaintiffs request injunctive relief, damages, costs, and attorneys' fees against defendants Philips Medical Systems Nederland B.V.[1]  ("Philips Nederland"), Philips Medical Systems Puerto Rico ("Philips PR") and Ismael Jaras ("Jaras"), the Regional Director of Philips PR.  Specifically, plaintiffs asked for relief against defendants Philips PR and Jaras for tortious interference with contract and defamation.  On that same date, plaintiffs also filed a motion seeking provisional and preliminary injunctive relief pursuant to article 3-A of Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278b-1, and Rule 57 of the Puerto Rico Rules of Civil Procedure.

On April 20, 2011, defendants Philips Nederland, Philips PR and Jaras removed the case to federal court, alleging that the non-diverse defendants - Philips PR and Jaras - had been fraudulently joined for the purpose of defeating diversity and that the only real defendant was the diverse Philips Nederland. (Docket No. 1.) On April 21, 2011, plaintiffs filed an emergency motion to extend the operation of a state court temporary restraining order ("TRO").  (Docket No. 6.)  The Court denied the emergency motion

---

[1] Sued, apparently incorrectly, as Philips Medical Systems Netherland BV.  (See Docket Nos. 1 at p. 1; 20-1.)

Civil No. 11-1379 (FAB)                                                3

without prejudice on April 25, 2011.  (Docket No. 10.)  The state court TRO expired by its own terms.  (See Docket No. 12.)

On April 25, 2011, plaintiffs filed a motion to remand the case to state court, arguing that defendants have failed to carry the extremely heavy burden of showing fraudulent joinder. (Docket No. 14.)  On May 4, 2011, defendants Philips Nederland, Philips PR and Jaras opposed plaintiffs' motion to remand.  (Docket No. 22.)  On that same date, defendants Philips Nederland, Philips PR and Jaras also moved to dismiss for insufficient service of process and pursuant to the arbitration clause.  (Docket No. 24.) On May 10, 2011, plaintiffs moved again for a TRO, (Docket No. 28), and moved the court to hold in abeyance defendants Philips Nederland, Philips PR and Jaras's motion to dismiss pending a decision on the issue of remand.  (Docket No. 30.)

On September 30, 2011, pursuant to a referral order issued by the Court, Magistrate Judge Silvia Carreño-Coll filed a R&R, recommending that plaintiffs' motion to remand to state court be **GRANTED**.  (See Docket Nos. 61 & 65.)  The magistrate judge also recommends that no attorneys' fees should be awarded to the plaintiffs because defendants Philips Nederland, Philips PR and Jaras did not lack an objectively reasonable basis for removal. (Docket No. 65.) Additionally, the magistrate judge finds that the remaining motions pending before the court, Docket Nos. 17, 24

Civil No. 11-1379 (FAB)                                                  4

and 28, would be mooted by the remand and should accordingly be terminated.  Id.

The magistrate judge finds that the First Circuit Court of Appeals has not articulated a precise standard for deciding fraudulent joinder cases and that most other courts in this district considering fraudulent joinder allegations have followed the Fifth Circuit Court of Appeals.  (Docket No. 65 at pp. 2-3.)  The magistrate judge also finds that only the second prong of the Fifth Circuit's test - whether plaintiffs failed to state a cause of action against the non-diverse parties - is applicable to show fraudulent joinder in this case.  Id. at 3.  Applying the Fifth Circuit's test, the magistrate judge finds (1) that plaintiffs fail to state a claim for tortious interference against the non-diverse defendants, and therefore, that defendants were correct in one of their primary arguments for removal; (2) that plaintiffs validly state a claim for defamation against the non-diverse defendants, and that the case should therefore be remanded to state court.

On October 12, 2011, plaintiffs filed a partial objection to the R&R, arguing that the magistrate judge erroneously concluded that plaintiffs fail to state a claim of tortious interference against Philips PR.  (Docket No. 67 at p. 4.)  Thus, plaintiffs argue that they should receive attorneys' fees for defendants Philips Nederland, Philips PR and Jaras's alleged frivolous

Civil No. 11-1379 (FAB)                                               5

removal.  Id. at pp. 4-5.  On October 31, 2011, defendants Philips Nederland, Philips PR and Jaras filed an opposition to plaintiffs' partial objection to the R&R.  (Docket No. 71.)

**II.  Legal Analysis**

    **A.   Standard under 28 U.S.C. § 636(b)(1)**

A district court may refer a case to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report.  See 28 U.S.C. § 636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636 (a)(b)(1).  Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003).

Civil No. 11-1379 (FAB)                                                         6

Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

### B. Plaintiffs' Objections Regarding The Tortious Interference Claim

Plaintiffs specifically object to the magistrate judge's conclusion that plaintiffs fail to state a claim for tortious interference under Puerto Rico law.  (Docket No. 67 at p. 4.)  They argue that in their complaint, (see Docket No. 1), they have properly pled that there was a contract - a verbal distribution agreement - in effect and that Philips PR tortiously interfered with that contract.  (Docket No. 67 at pp. 4-6.) Furthermore, they argue that there is no need for a written contract between the parties in order to trigger the application of the Puerto Rico Dealer's Act under Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278(b)).  Id. at p. 5.

Having examined the factual allegations in the complaint, the Court finds plaintiffs' argument unpersuasive.  (See Docket No. 1.)  To establish a tortious interference claim, plaintiffs need to show:  1) the existence of a contract; 2) that the interfering party acted with intent and knowledge of the existence

Civil No. 11-1379 (FAB)                                                  7

of a contract; 3) that plaintiff suffered damages; and 4) that there exists a causal link between the injury and the interfering party's actions.  New Commc'n. Wireless Servs. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (citing Gen. Office Prods. Corp. v. A.M. Capen's. Sons, Inc., 115 P.R. Off. Trans. 727, 734 (1984)). Regarding the first element requiring the existence of a contract, the Supreme Court of Puerto Rico has stated that a fixed time period in the contract is essential to a tortious interference claim.  A.M. Capen's. Co., Inc. v. Am. Trading & Prod. Corp., 200 F.Supp.2d 34, 43 (D.P.R. 2002) (discussing how the Supreme Court of Puerto Rico in Dolphin Int'l. of P.R. v. Ryder Truck Lines, 127 P.R. Dec. 869, 882-83, 1991 WL 735928 (P.R. Jan. 31, 1991), explains that there can be no tortious interference when the contract at issue has no expiration date and is terminable at will); see also Leopoldo Fontanillas, Inc. v. Luis Ayala Colón Sucrs., Inc., 283 F.Supp.2d 579, 588 (D.P.R. 2003) (where there was no alleged term of duration and the alleged agreements were terminable at will, no contract right to continue a business relationship existed, and no action for damages for tortious interference existed).  Furthermore, the Supreme Court of Puerto Rico has specified that if what is affected is a "mere expectancy or a profitable financial relationship," an action for tortious

Civil No. 11-1379 (FAB)                                                  8

interference cannot lie.  Dolphin Int'l., 127 P.R. Dec. at 882-83 (internal citation omitted).

Plaintiffs allege that Philips PR interfered with a contract between defendant Philips Nederland and plaintiff Alpha. Even if plaintiffs' pleading were to be interpreted as alleging that there was an oral contract in effect at the time of the alleged interference, they do not show a fixed time period for the agreement or that the alleged agreement was not terminable at will. Plaintiffs has pled the following:  for nine years, plaintiff Alpha acted as a distributor for defendant Philips Nederland.  (Docket No. 20-1 at ¶ 6.)  That distribution contract ended effective December 31, 2010, but it was informally continued pursuant to a verbal agreement.  (Docket No. 20-1 at ¶¶ 12-14.)  Defendant Philips PR allegedly interfered with this verbal contract by sending letters to plaintiff Alpha's clients in early March 2011, claiming that plaintiff Alpha's relationship with defendant Philips Nederland had ceased in December 2010.  Plaintiffs provide letters dated March 2 and March 9, 2011 as proof of this interference. (Docket No. 20-1 at pp. 21, 23.)  Plaintiffs fail to specify, however, the fixed period of time of the verbal agreement between plaintiff Alpha and defendant Philips Nederland or that the verbal agreement was not terminable at will.  Rather, they state only that "On March 2011, Philips Netherland [sic] unilaterally finished its

Civil No. 11-1379 (FAB)                                                9

verbal agreement for distribution with Alpha and began to hinder the delivery to it of sophisticated medical equipment . . . ." (Docket No. 20-1 at ¶ 18.)  Furthermore, as the magistrate judge found in her R&R, plaintiffs' complaint seems to suggest that the alleged interference occurred <u>after</u> defendant Philips Nederland terminated the agreement because plaintiffs' discussion about the alleged interference is in the paragraph immediately after the paragraph about termination of the original written contract in December 2010.  (Docket Nos. 65 at 5; 20-1, ¶¶ 18-19.)  Therefore, even if plaintiffs alleged that a verbal contract existed at the time of the alleged interference, they fail to specify a fixed termination date for its verbal agreement or that the agreement was not terminable at will.

## C.  **Plaintiffs' Objections Regarding Attorneys' Fees**

Plaintiffs also specifically object to the magistrate judge's recommendation that no attorneys' fees should be awarded to plaintiffs under 28 U.S.C. § 1447(c), arguing that defendants Philips Nederland, Philips PR and Jaras lacked an objectively reasonable basis for removal.  (Docket No. 67 at 4-6.)  The Court finds plaintiffs' argument unpersuasive here as well.

Under the "American Rule", parties ordinarily bear all of their costs of litigation.  <u>Mullane v. Chambers</u>, 333 F.3d 322, 337-38 (1st Cir. 2003).  Attorneys' fees may be awarded, however, when

Civil No. 11-1379 (FAB)                                          10

a court determines that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the relevant statute specifically authorizes the court to award attorneys' fees.  Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Mullane, 333 F.3d at 337-38.  The removal statute, the relevant statute in this case, provides that, "[a]n order remanding the case [to the state court from which it was removed] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Thus, the Court is statutorily authorized to award attorneys' fees if it determines the award to be appropriate.  The Supreme Court has held, however, that "courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Defendants Philips Nederland, Philips PR and Jaras removed based on fraudulent joinder, arguing that both of plaintiffs' claims against the non-diverse defendants were invalid because plaintiffs failed to state a claim for tortious interference and for defamation.  (See Docket No. 1.)  The Court finds that plaintiffs' tortious interference claim was invalid but that plaintiffs' defamation claim was valid.  Thus, as the magistrate judge found, defendants were correct in one of their two

Civil No. 11-1379 (FAB)                                                11

primary arguments for removal and, therefore, had an objectively reasonable basis for removal.  (Docket No. 65 at 10.)  Because defendants had an objectively reasonable basis for removing the case to federal court, it would be inappropriate for the Court to award attorneys' fees to plaintiffs.

### III. Conclusion

The Court has made an independent examination of the entire record in this case, including plaintiffs' objection to the R&R and defendants' opposition to plaintiffs' objection to the R&R, and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court.  Accordingly, plaintiff Alpha's motion to remand to state court is **GRANTED** and no attorneys' fees will be awarded to plaintiffs.  Judgment shall be entered accordingly.

The remaining motions pending before the court, Dockets Nos. 17, 24 and 28, are mooted by the remand and accordingly are terminated.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 21, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE